**BROWN KWON & LAM LLP**
William Brown, Esq. (WB6828)
521 5th Avenue, 17th Floor
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LEONARD MONTALBANO,** | |
| **Plaintiff,** | |
| - against - | Case No.: |
| **CAFE FORMAGGIO INC.,** **EMF GOURMET ITALIAN MARKET LLC,** and **VINCENT BARBIERI,** | **COMPLAINT** **JURY TRIAL DEMANDED** |
| **Defendants.** | |

Plaintiff LEONARD MONTALBANO ("Plaintiff"), upon personal knowledge as to himself, and upon information and belief as to other matters, by and through his undersigned attorneys, hereby files this Complaint against Defendants CAFE FORMAGGIO INC. (hereinafter, "Cafe Fromaggio"), EMF GOURMET ITALIAN MARKET LLC (hereinafter, "EMF" collectively "Corporate Defendants") and Vincent Barbieri (hereinafter, "Individual Defendant" and together with Corporate Defendants, "Defendants") alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), seeking from Defendants: (1) unpaid overtime wages, (2) liquidated damages, and (3) attorneys' fees and costs.

1

2. Plaintiff also brings this action against Defendants pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, seeking from Defendants: (1) unpaid overtiume wages, (2) unpaid minimum wages, (3) statutory penalties for failure to provide wage notices and wage statements, (4) liquidates damages, (5) interest, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

4. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

*Plaintiff*

6. Plaintiff LEONARD MONTALBANO is an adult who resides in Nassau County, New York.

7. Plaintiff was employed by Defendants and, at all relevant times, met the definition of an "employee" under the applicable laws.

8. Plaintiff retained Brown Kwon & Lam, LLP to represent him in this action and has agreed to pay the firm a reasonable fee for its services.

*Defendants*

    *Cafe Formaggio Inc.*

9. Defendant CAFE FORMAGGIO INC. is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 307 Old Country Road, Carle Place, New York 11514.

10. At all relevant times, Defendants operated Cafe Formaggio through Defendant CAFE FORMAGGIO INC.

11. At all relevant times, CAFE FORMAGGIO INC. met the definition of an "employer" under the NYLL.

12. Defendant CAFE FORMAGGIO INC. employed Plaintiff throughout the relevant period.

13. At all relevant times, Defendant CAFE FORMAGGIO INC. maintained control, oversight, and direction over Plaintiff including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

    *EMF Gourmet Italian Market LLC*

14. Defendant EMF GOURMET ITALIAN MARKET LLC, a deli/market located in East Northport, NY, is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 1958 Jericho Turnpike, East Northport, New York 11731.

15. At all relevant times, Defendants operated EMF "Eastern Meat Farms" through Defendant EMF GOURMET ITALIAN MARKET LLC.

16. At all relevant times, EMF GOURMET ITALIAN MARKET LLC met the definition of an "employer" under the NYLL.

17. Defendant EMF GOURMET ITALIAN MARKET LLC employed Plaintiff throughout the relevant period.

18. At all relevant times, Defendant EMF GOURMET ITALIAN MARKET LLC maintained control, oversight, and direction over Plaintiff including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

*Vincent Barbieri*

19. At all relevant times, Individual Defendant VINCENT BARBIERI was an owner, operator and principal of Corporate Defendants.

20. At all relevant times, Individual Defendant VINCENT BARBIERI was directly involved in managing the operations of Corporate Defendants.

21. At all relevant times, Individual Defendant VINCENT BARBIERI had authority over personnel or payroll decisions and employment policies, practices and procedures for Corporate Defendants.

22. At all relevant times, Individual Defendant VINCENT BARBIERI had the power to hire, fire, promote or discipline Plaintiff and control the terms and conditions of his employment for Corporate Defendants, including his work assignments, work schedules, pay and responsibilities.

23. At all relevant times, Individual Defendant VINCENT BARBIERI had the power to hire, fire, promote, discipline, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff.

24. At all relevant times, Individual Defendant VINCENT BARBIERI had the power to prevent or stop any unlawful practices that harmed Plaintiff.

25. At all relevant times, Individual Defendant VINCENT BARBIERI had the power to maintain employment records, including time and/or wage records of employees at Corporate Defendants.

26. Individual Defendant VINCENT BARBIERI is a covered "employer" within the meaning of the NYLL.

27. At all relevant times, Individual Defendant VINCENT BARBIERI employed Plaintiff.

## STATEMENT OF FACTS

### Plaintiff's Employment at Cafe Formaggio

28. Plaintiff was initially hired by Defendant Cafe Formaggio, an Italian restaurant located at 307 Old Country Road, Carle Place, New York 11514, as a server around Summer 2014, and continued in that position until the closure of the restaurant in March 2020.

29. From the start of his employment with Cafe Formaggio until around June 2017, Plaintiff was paid less than the New York State minimum wage rate. Specifically, Plaintiff was paid (i) $5.00 per hour from the start of his employment until on or around December 31, 2015, (ii) $7.50 per hour from on or around January 1, 2016 until on or around December 31, 2016, and (iii) $8.50 per hour from on or around January 1, 2017 until the termination of his employment in March 2020.

30. Starting around June 2017 Plaintiff was given additional responsibilities for which he received a cash bonus. If Plaintiff assisted with opening the restaurant, he received a flat cash payment of $50, likewise if Plaintiff assisted with closing the restaurant, he also received a $50 cash payment. From around June 2017 until March 2020, Plaintiff received on average $250 per week in additional cash payments.

31. From the start of his employment until he began receiving cash payments around June 2017, Plaintiff was paid less than the prevailing New York State minimum wage rate.

32. From the start of his employment until around June 2017 Plaintiff generally worked double shifts four days per week. Specifically, Plaintiff worked on Monday, Wednesday, Thursday and Saturday from around 11:00 a.m. until closing, which was between 10:00 p.m. and 11:00 p.m., for a total of approximately forty-four (44) and forty-eight (48) hours per week. Starting from around June 2017 until around July 31, 2019. Plaintiff opened or closed the restaurant around five times per week. Opening or closing the restaurant generally required Plaintiff to arrive a half hour early, or leave a half hour later. Thus, on days where Plaintiff both opened and closed the restaurant, he worked an additional hour. Therefore, during this period Plaintiff worked between forty-six and a half (46.5) and fifty and a half (50.5) hours per week. Starting around August 2019, Plaintiff began working at EMF part time. From around August 2019 until the closure of the restaurant in March 2020, Plaintiff worked there three days per week, on Monday, Wednesday and Thursday, from open to close for a total of between thirty-six (36) and thirty-nine (39) hours per week.

33. Plaintiff's additional opening duties included opening the doors, turning off the alarm, and retrieving cash from the office. Plaintiff's additional closing duties included closing out the cash register, printing out a paper report, removing the drawer from the register and bringing it to the office, and running the numbers for the day.

34. Throughout much of his employment at Cafe Formaggio, Plaintiff would spend at least two hours, or twenty percent (20%) of his work day performing non-tipped side work, including: setting up the bar, retrieving ice and bottle toppers, ensuring that the bar was fully

6

stocked with glasses, cutting lemons and limes, wiping down surfaces, and retrieving wine and other beverages from the fridge among other various duties.

35. Plaintiff did not receive proper notice that Defendants were claiming a tip credit, nor received notice informing him that the tips they received must be retained by him, and other tipped employees, except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that he actually received.

36. Defendants failed to provide proper wage statements informing Plaintiff of the amount of tip credit taken for each pay period.

37. Defendants further failed to track daily tips earned by Plaintiff and failed to keep accurate records thereof.

38. As a result of Defendants' failure to provide Plaintiff with the required notices and paystubs, and because Plaintiff spend more than 20% of his work day performing non-tipped side work, Defendants were not entitled to take a tip credit against Plaintiff's wages.

39. By not including the additional cash payments for opening and closing the restaurant in his regular hourly rate, Defendants failed to pay Plaintiff at the correct overtime rate for hours worked in excess of forty hours per week.

40. Cafe Formaggio knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff pursuant to the requirements of the NYLL.

41. Cafe Formaggio knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff pursuant to the requirements of the NYLL.

Plaintiff's Employment at EMF

42. Around August 2019, Defendant Vincent Barbieri told Plaintiff that he would start working for EMF at its deli counter, and that going forward he would split his working time between the deli counter at EMF and as a server at Cafe Formaggio.

43. In March 2020 Cafe Formaggio closed. Thereafter, Plaintiff immediately started working full time at the deli counter for EMF. Plaintiff continued working for EMF until the termination of his employment on or around November 28, 2020.

44. From around August 2019 until March 2020 Plaintiff worked for EMF three days a week, on Friday, Saturday and Sunday, from 8:00 a.m. to 6:00 p.m., for a total of approximately thirty (30) hours per week. During this period, Plaintiff was paid a fixed daily rate of $250 in cash.

45. During the same period of time, Plaintiff was working for Cafe Formaggio between 36 and 39 hours per week. Thus, Plaintiff was working for Defendants for a total of around sixty-six to sixty-nine hours per week.

46. Defendants EMF and Cafe Formaggio are "joint employers" and/or a "single integrated enterprise" for the purposes of calculating overtime under the FLSA and NYLL. See, 29 CFR 791.2(e). Specifically, both EMF and Cafe Formaggio are owned by Defendant Vincent Barbieri, and jointly coordinated Plaintiff's work schedule and Plaintiff's terms and conditions of employment.

47. As a result, during this period, Defendants violated the FLSA and NYLL by failing to pay Plaintiff overtime based on the aggregate number of hours worked between EMF and Cafe Formaggio.

48. In March 2020, Cafe Formaggio closed and Plaintiff became a full-time employee at EMF. Plaintiff remained a full-time employee at EMF until the termination of his employment

on or around November 29, 2020. As a full-time employee, Plaintiff worked six days per week from 8:00 a.m. to 7:00 p.m., without any breaks, for a total of at least sixty-six (66) hours per week.

49. During this period, Plaintiff was paid an hourly rate of $25 for all hours worked. Despite working well over forty hours per week, Plaintiff was not paid any overtime premiums equal to one and a half times (1.5x) his regular rate for hours worked in excess of forty hours per week.

50. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff all due overtime wages in violation of the FLSA and NYLL.

51. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff all due minimum wages in violation of the NYLL.

52. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff pursuant to the requirements of the NYLL.

53. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff pursuant to the requirements of the NYLL.

## STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
*Violations of the FLSA*

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

56. Defendant failed to pay Plaintiff overtime wages for all hours worked in excess of forty (40) per workweek, to which he is entitled under the FLSA.

57. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

58. Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff all due overtime premiums. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

59. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

60. As a result of Defendants' willful violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

61. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

## SECOND CAUSE OF ACTION
### *Violations of the NYLL*

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been an employer of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

64. Defendants failed to pay Plaintiff overtime wages for all hours worked in excess of forty (40) per workweek, to which she is entitled under the NYLL.

65. Defendants failed to pay Plaintiff the minimum wage to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

66. Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants are required to pay Plaintiff and the Class the full minimum wage at a rate of (a) $8.00 per hour for all hours worked from December 31, 2013 through December 30, 2014; (b) $8.75 per hour for all hours worked from December 31, 2014 through December 30, 2015; (c) $9.00 per hour for all hours worked from December 31, 2015 through December 30, 2016; (d) $10.00 per hour for all hours worked from December 31, 2016 through December 30, 2017; (e) $11.00 per hour for all hours worked from December 31, 2017 through December 30, 2018; (f) $12.00 per hour for all hours worked from December 31, 2018 through December 30, 2019; (g) $13.00 per hour for all hours worked from December 31, 2019 through December 30, 2020; and (h) $14.00 per hour for all hours worked from December 31, 2020 through the present.

67. Defendants have failed to provide adequate notification to Plaintiff of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.

68. Defendants required Plaintiff to perform a substantial amount of non-tipped side work in excess of two (2) hours or twenty percent (20%) of his workdays.

69. Defendant failed to furnish Plaintiff with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour,

11

shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

70. Defendant failed to furnish Plaintiff with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

71. Defendant failed to properly disclose or apprise Plaintiff of her rights under the NYLL and the supporting New York State Department of Labor Regulations.

72. As a result of Defendant's willful violations of the NYLL, Plaintiff is entitled to recover from Defendant her unpaid wages, overtime wages, liquidated damages, statutory penalties, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. An award to Plaintiff representing damages for unpaid overtime under the FLSA and NYLL;

b. An award to Plaintiff representing damages for unpaid minimum wages under the NYLL;

c. An award of liquidated damages as a result of Defendants' willful failure to pay minimum wage and overtime wages, pursuant to the FLSA and NYLL;

d. Statutory penalties to Plaintiffs for Defendants' failure to provide Plaintiffs with proper wage notices and wage statements, as required by the NYLL;

e. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the State and City of New York;

f. Pre-judgment and post-judgment interest;

g. Reasonable attorneys' fees and costs of this action;

h. A declaratory judgment that the practices complained of herein are unlawful under the NYLL;

i. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

j. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  July 28, 2021                    Respectfully submitted,

                                                     **BROWN, KWON & LAM LLP**

                              By:   */s/ William Brown*

                                    William Brown, Esq. (WB6828)
                                    521 Fifth Avenue, 17th Floor
                                    New York, NY 10175
                                    Tel.: (718) 971-0326
                                    Fax: (718) 795-1642
                                    wbrown@bkllawyers.com
                                    *Attorneys for Plaintiff*